UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:17-CR-00040-BR-1

UNITED STATES OF AMERICA

v.

DEFONTE KENTRIAL WILLIAMS

ORDER

This matter is before the court on defendant's motion for compassionate release. (DE # 47.)

In 2018, defendant pled guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). The court sentenced him to 68 months imprisonment and three years supervised release. Defendant did not appeal.

In January 2021, defendant filed *pro se* a motion for compassionate release. Pursuant to Standing Order No. 19-SO-3 (E.D.N.C. Jan. 25, 2019), the court appointed counsel to represent him for purposes of such a motion. (DE # 48.) After receiving an extension of time, appointed counsel filed a memorandum in support of defendant's motion with exhibits along with a motion to seal all those filings. (DE ## 53, 54.) Because the memorandum and exhibits, except defendant's presentence report, did not contain confidential or sensitive information, the court denied the motion to seal except as to the presentence report and in accordance with Local Criminal Rule 55.2(b)(3), directed counsel to publicly file the memorandum and other exhibits if she wished for the court to consider them. (7/2/21 Order, DE # 56.) Counsel did not publicly

file any of those documents so the court will not consider them. The government filed a response in opposition to defendant's motion for compassionate release, (DE # 55), and, in response to the court's order, filed defendant's sentence computation and inmate discipline data, (DE # 52).

Defendant seeks a reduction in his sentence to time served or to serve the remainder of his custodial sentence on home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[1] (See Mot., DE # 47, at 1-2.) That statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute.[2] United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020).

---

[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

[2] The policy statement contained in U.S.S.G. § 1B1.13 "addresses only BOP-filed motions." United States v. High, 997 F.3d 181, 186 (2021). Nonetheless, it "'remains helpful guidance even when motions are filed by defendants.'" Id. (quoting McCoy, 981 F.3d at 282 n.7). Relevant here, "[w]ith respect to medical conditions, [extraordinary and compelling] reasons include that 'the defendant is suffering from a terminal illness' or 'the defendant is . . . suffering from a serious physical or medical condition.'" Id. (quoting U.S.S.G. § 1B1.13 cmt. 1(A)(i), (ii)) (alterations omitted).

"[A]s a result, district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted) (emphasis added).

In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

> Those factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; "the need to avoid unwarranted sentence disparities"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with . . . training, medical care, or other correctional treatment in the most effective manner."

United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) (citing 18 U.S.C. § 3553(a)).

Here, the government does not raise an issue with defendant's satisfaction of § 3582(c)(1)(A)'s threshold exhaustion requirement. Cf. United States v. Muhammad, 16 F.4th 126, 131 (4th Cir. 2021) ("[T]he threshold requirement in § 3582(c)(1)(A) is non-jurisdictional and satisfied if a defendant requests the [BOP] to bring a motion on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision *or* waits 30 days from the date of their initial request to file a motion in the district court."). Therefore, the court will consider the merits of defendant's motion.

Defendant relies on the following grounds for his release: (1) the COVID-19 outbreak at his institution; (2) his "good conduct"; (3) his age; (4) the amount of time he has served; (5) his release plan; and (6) his criminal conduct being due to drug use and his since becoming a Sunni Muslim. (Mot., DE # 47, at 1.) The government does not seriously dispute that by virtue of his health combined with the COVID-19 pandemic, defendant has shown an extraordinary and compelling reason to warrant further consideration of his motion. (See Resp., DE # 55, at 1, 16.) Rather, it urges the court to deny the motion based on the nature and circumstances of the instant offense, defendant's disciplinary history within the BOP, the efforts the BOP is undertaking to

3

protect inmates from COVID-19, and defendant's purportedly inadequate release plan. (Id. at 17-19.)

The first ground defendant asserts in support of his release is the COVID-19 pandemic. "COVID-19 raises medical issues in the prison context that are particularly serious — it is highly communicable; it is aggravated by certain other medical conditions; and it can be lethal." High, 997 F.3d at 185. "[I]n considering whether extraordinary and compelling reasons for a sentence reduction exist in light of COVID-19, [district courts] have considered the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility." United States v. Kibble, Criminal Action No. 2:19-00077, 2020 WL 3470508, at *2 (S.D.W. Va. June 25, 2020) (citing United States v. Brady, No. S2 18 Cr. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (collecting cases)), aff'd, 992 F.3d 326 (4th Cir.), cert. denied, 142 S. Ct. 383 (2021). The Centers for Disease Control and Prevention's ("CDC") list of risk factors for COVID-19 complications also informs the court's evaluation. Everett v. United States, No. 4:16cr35, 2020 WL 5793428, at *3 (E.D. Va. Sept. 25, 2020).

Defendant does not cite to any health conditions in his motion. His presentence report ("PSR") indicates that he "has no known history of health problems."[3] (DE # 40, ¶ 28.) It further indicates that defendant may suffer from depression, (see id. ¶ 29), and that he is addicted to alcohol and marijuana, (id. ¶ 30). A person with either a mood disorder or a substance use disorder or both is more likely to get very sick from COVID-19. See CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 4, 2022).

---

[3] Defendant did not object to the PSR, and the court adopted its factual findings and guideline application. (9/26/18 Tr., DE # 45, at 2-3.)

4

Defendant is 29 years old and currently incarcerated at USP Lee. See BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (search BOP Register Number 64454-056) (last visited Mar. 4, 2022). There, 1 inmate and 0 staff are positive for COVID-19, BOP, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Mar. 4, 2022), and most inmates are fully inoculated, see BOP, COVID-19 Vaccine Implementation, https://www.bop.gov/coronavirus/ (last visited Mar. 4, 2022). Considering defendant's age, his CDC risk factors,[4] and the conditions at USP Lee, the court concludes these facts do not weigh in favor of his release.

Also, defendant relies on his "good conduct" within the BOP. (Mot., DE # 47, at 1.) The court agrees with the government that defendant's reliance on this ground is misplaced. During the nearly three-and-one-half years defendant has been incarcerated in a BOP facility, he has committed five prohibited acts. (Resp., Ex. 2, DE # 52-2.) The BOP classifies three of those acts of greatest severity. (See id.) See also 28 C.F.R. § 541.3, Table 1 (2022). This post-sentencing conduct does not weigh in favor of defendant's release.

In addition, defendant points to the amount of time he has served. He is correct that he has served more than one half of the term of imprisonment imposed. The court agrees that the greater the amount of time served generally weighs in favor of release.

Another ground on which defendant relies is his release plan. He intends to reside with family and apparently has lined up employment in an unspecified family business. (See Mot., DE # 47, at 1.) The court concludes this fact weighs slightly in favor of defendant's release.

Lastly, defendant attributes his criminal conduct to drug use and claims he has now become a Sunni Muslin, (id.), which the court presumes means he does not intend to abuse alcohol or drugs or engage in criminal conduct again. To evaluate this ground, the court begins

---

[4] For purposes of this motion, the court assumes defendant has been diagnosed with depression and a substance use disorder.

5

by examining the nature and circumstances of the instant offense and then considers what the court deemed an appropriate sentence for that conduct. At sentencing, the government detailed defendant's offense conduct as follows.

> [W]hat he did is he went to buy drugs from somebody and his cousin had a gun in the car and a dispute arose between the sellers and the defendant and his cousin. Rather than dealing with that in a calm manner, the defendant actually went, got the gun, jumped out of the car and chased a human being into a field at gunpoint, robbed that person at gunpoint, and then took off with the marijuana and the gun.

(9/26/18 Tr., DE # 45, at 8.) It characterized the offense as "not simply a felon in possession case where somebody was caught with a gun in their glove compartment" but rather "a violent incident." (Id.) The court agreed, recognizing, "in this case, the defendant was not merely in possession of a weapon, but also . . . actually using it and threatening the supplier of the drugs that he felt was not doing him right, settling a dispute with weapons." (Id. at 11.) The court denied defendant's motion for a downward departure from the sentencing guidelines, (see id. at 5-6, 11), and sentenced him to a term near the middle of the applicable range, (see id. at 3, 12).

The court continues to believe this is very serious conduct. Although the court commends defendant on his apparent recovery and is hopeful he has truly committed himself to never commit another criminal offense, the court concludes the nature and circumstances of this offense outweigh defendant's efforts to reform himself.

Considering all the circumstances, the court concludes defendant has not shown extraordinary and compelling reasons to warrant his release nor do the applicable § 3553(a) factors favor release. Reducing defendant's sentence would not reflect the seriousness of the

6

offense or provide just punishment. Defendant's motion is DENIED.

    This 7 March 2022.

                                                    W. Earl Britt
                                                    Senior U.S. District Judge